UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                              Plaintiffs,                  REPORT AND
                                                                                RECOMMENDATION
    -against-
                                                                                  06 CV 2709 (ARR)(RML)
CENTRAL DESIGN SYSTEMS, INC.,

                              Defendant.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated June 30, 2006, the Honorable Allyne R. Ross, United States District Judge, referred plaintiffs' motion for entry of a default judgment to me to conduct a damages inquest and issue a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion be granted and that they be awarded a total of $71,207.23.

## BACKGROUND AND FACTS

        Plaintiffs Gary LaBarbera and Frank Finkel ("plaintiffs") brought this action in May 2006 under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Taft-Hartley Act, 29 U.S.C. § 185, *et seq*. Plaintiffs are trustees of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training, and Vacation Sick Leave Trust Funds (the "Funds"), which are jointly administered multi-employer benefit plans. (Complaint, dated May 22, 2006 ("Compl."), ¶ 3.)

Defendant Central Design Systems, Inc. ("Central Design" or "defendant") is a corporation that maintains its principal place of business in New York. (Id. ¶ 6.) After defendant failed to appear in this action, Judge Ross referred plaintiffs' motion for a default judgment to me for an inquest on damages. By order dated June 30, 2006, I directed the parties to file written inquest submissions. Plaintiffs filed an inquest submission dated August 14, 2006 (see Affirmation of Avram H. Schreiber, Esq., dated Aug. 14, 2006 ("Schreiber Aff.")), but defendants again failed to respond.

It is well-settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of New York City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). Plaintiffs' allegations are as follows:

From July 1, 2002 through June 30, 2005, defendant was bound to a Collective Bargaining Agreement with Local 282 (the "CBA") by which defendant was required to pay contributions to the Funds. (Schreiber Aff. ¶ 3. Ex. A.) In 2005, the parties entered into a Memorandum of Agreement, effective July 1, 2005, which extended the CBA to 2008, subject to changes therein.[1] (See Schreiber Aff., Ex. B.) Pursuant to the July 1, 2005 Memorandum of Agreement, defendant was required to pay contributions to the Funds forty-five (45) days after the close of each calendar month. (Id.) In addition, section 18(g) of the CBA states that an employer is bound by the provisions in the Restated Agreement and Declaration of Trust (the

---

[1] This Memorandum of Agreement was signed by the Executive Director of the Building Material Contractors Association, on behalf of its members. (See Schreiber Aff., Ex. B.) Central Design is a member of that association. (See id., Ex. C.)

"Declaration"). (Id., Ex. A. at 12.) Pursuant to Article IX, Section 1(d) of the Declaration, the Trustees may, at any time, audit the books and records of any employer bound by the CBA. (See id., Ex. D. at 27-28.)

According to plaintiffs, defendant did not submit remittance reports or payments for the period of January 2006 through May 2006, and defendant failed to submit Audit 5-0648 covering the period of October 30, 2003 through December 29, 2004. (Schreiber Aff. ¶¶ 8-9.) Plaintiffs therefore seek the outstanding amounts due for Audit 5-0648, and for the period of January 2006 through May 2006. (Id. at 10.) According to plaintiffs, this amount, including principal contributions, interest, liquidated damages, auditors' fees and attorney fees, totals $71,807.20. (Id.)

## DISCUSSION

A. Unpaid contributions for January 2006 through May 2006

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Trustees of the Bldg. Servs. 32B-J, Pension, Health and Annuity Funds v. Linden Realty Assocs., No. 94-CV-1358, 1995 WL 302454, at *4 (E.D.N.Y. May 8, 1995) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990); Berry v. Garza, 919 F.2d 87 (8th Cir. 1990); Winterrowd v. David Freedman & Co., 724 F.2d 823 (9th Cir. 1984)). Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (i) interest on the unpaid contributions, or

                (ii) liquidated damages provided for under the plan
                in an amount not in excess of 20 percent . . . of the
                amount determined by the court under subparagraph
                (A),
        (D) reasonable attorney's fees and costs of the action, to be paid by
        the defendant, and
        (E) such other legal or equitable relief as the court deems appropriate.

Section 1332(g) thus creates a mandatory right to interest, liquidated damages, and attorney's fees "in any case in which a judgment in favor of the plan is awarded." Trustees of the Bldg. Servs. 32B-J, Pension, Health and Annuity Funds, 1995 WL 302454, at *7; see also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1039 (E.D.N.Y. 1993) (citing Benson v. Brower's Moving & Storage, Inc., 726 F. Supp. 31, 36 (E.D.N.Y. 1989); McDonald v. Centra, Inc., 946 F.2d 1059, 1065 (4th Cir. 1991); Michigan Carpenters Council v. C.J. Rogers, Inc., 933 F.2d 376 (6th Cir. 1991); Idaho Plumbers and Pipefitters v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)).

        As explained above, defendant did not make a payment or submit remittance reports for the period of January 2006 through May 2006. (Schreiber Aff. ¶ 10.) The Declaration, which is incorporated by reference into the Agreement, provides for the situation where an employer fails to submit a report. Under Article IX, Section 1(e) of the Declaration, the trustees may compute the sum due for any month that the employer did not submit a report by adding ten (10) percent to the number of hours for the month in which the largest number of hours was reported in the previous twelve (12) reports submitted by that employer. (See Schreiber Aff., Ex. D, at 28-29.) According to plaintiffs' unchallenged averment, that amount equals $3,116.52 per month, totaling $15,582.60 for the five month period of January through May 2006. (Id. ¶¶ 16-18. See also id., Ex. F.) I therefore respectfully recommend that plaintiffs

be awarded $15,582.60 in unpaid contributions for the period of January 2006 through May 2006.

Interest on unpaid contributions is determined by using the rate provided under the plan, or if none, "the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Here, the Agreement provides for a rate of interest. Pursuant to an amendment to the Declaration on October 29, 2003, the applicable interest rate is 18% per annum. (Schreiber Aff., Ex. E). Plaintiffs calculate this amount as $701.22 for the five month period. (Schreiber Aff. ¶ 18.) However, it appears that plaintiffs are three cents short in their calculations, and the correct amount should be $701.25.

Pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii), plaintiffs are also entitled to liquidated damages "in an amount not in excess of 20 percent" of the principal amount due. Plaintiffs calculate that amount accurately as $3,116.50, and I therefore respectfully recommend that plaintiffs be awarded $3,116.50 in liquidated damages with respect to the delinquent January 2006 through May 2006 contributions.

    B.  <u>Amounts found to be due for Audit 5-0648 covering the period of October 30, 2003 through December 29, 2004.</u>

Plaintiffs engaged a certified public accountant to conduct an audit on March 29, 2005 and April 12, 2005, pursuant to Article IX, Section 1(d) of the Declaration. (Schreiber Aff. ¶ 19.) The audit included a review of defendant's payroll records and other related data for the period of October 30, 2003 through December 29, 2004. (Id.) The audit revealed a discrepancy of $28,607.67 in unpaid principal. (Id. ¶ 19, Ex. H.) This brings the total amount of unpaid principal owed to $44,190.27. Plaintiffs correctly assert that the interest on the unpaid amount of $28,607.67 from October 30, 2003 through August 14, 2006 at 18% per annum amounts to

$12,327.01.  (Id.)² This amount, plus the interest from January 2006 through May 2006, equals $13,028.26.  Furthermore, plaintiffs correctly state that the liquidated damages at 20% on the unpaid principal from the audit equal $5,721.53.  (Id.)  This brings the total in liquidated damages to $8,838.03.

Lastly, plaintiffs seek an auditor fee with regard to Audit 5-0684.  Auditor fees are provided for under Article IX, Section 3 of the Declaration.  (Id. ¶ 11, Ex. D at 30-31.)  For this, they request $670, and I respectfully recommend that this amount be granted.  See, e.g., La Barbera v. A.F.C. Enters. Inc., 402 F. Supp. 2d 474, 481 (S.D.N.Y. 2005) (awarding $1,420 in audit costs).

C. Attorney's Fees and Costs

As the prevailing party, plaintiffs move pursuant to 29 U.S.C. § 1132(g)(2)(D) for attorney's fees and costs.  Plaintiffs support their fee request with contemporaneous time records.  (Schreiber Aff., Ex. I.)³

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge."  Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (internal quotes and citation omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994).  The Second Circuit has adopted the lodestar method for determining the fee amount in ERISA actions.  See Chambless v. Masters, Mates &

---

² This number is derived from adding $5,461.17 and $6,865.84 (See Schreiber Aff. ¶ 19.)

³ In the Second Circuit, applications for attorney's fees must be supported by contemporaneous time records specifying "relevant dates, time spent and work done."  Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). Under this method, "[a] district court determines the proper amount of the fee by multiplying 'all reasonable hours expended by the prevailing party's attorney by a reasonable hourly rate.'" Bourgal v. Atlas Transit Mix Corp., No. 93-CV-569, 1996 WL 75290, at *6 (E.D.N.Y. Feb. 7, 1996) (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992); DeFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985)).

Courts determine the reasonable hourly rate by looking to the hourly rate "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. (quoting Miele v. N.Y. State Teamsters Conf. Pension & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. See Chambless, 885 F.2d at 1058-59. Here, I find plaintiff's counsel's hourly rates, ranging from $70 for a paralegal to $275 for a partner, reasonable and in line with rates awarded in this area to counsel with comparable experience. See, e.g., T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, No. 00 CIV.7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case); Skold v. American Int'l Group. Inc., No. 96 CIV.7137, 1999 WL 405539, at *7 (S.D.N.Y. June 18, 1999) (awarding fees of $400 and $275 per hour), aff'd, 205 F.3d 1324 (2d Cir. 2000); New Leadership Committee v. Davidson, 23 F. Supp. 2d 301, 310 (E.D.N.Y. 1998) (approving hourly billing rate of $275).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are "reasonable." See Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 698 (7th Cir. 1991). "The number of hours spent on litigation and the staffing

pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiff's counsel expended a total of 27.95 hours on this case. Counsel's work on this case included drafting and editing the complaint, preparing affidavits of service, drafting correspondence, and preparing the default judgment submissions. (Schreiber Aff., Ex. I.) I find the 27.95 hours somewhat excessive, specifically approximately 10 hours billed at $200 per hour for the routine drafting of inquest pleadings on August 10th and 11th. I therefore respectfully recommend that plaintiffs be awarded attorney's fees for 24.95 hours. Subtracting 3 hours at $200 per hour from the amount requested leads to a total of $4,001.85.[4]

   Plaintiffs also seek costs in the amount of $478.82. Id. A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 961 F.2d 390 (2d Cir. 1992), cert. granted, judgment rev'd on other grounds sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic (Manhattan), 507 U.S. 901 (1993). Here, the expenditures are for filing fees, service of process, and some postage and photocopying, and I find the amount reasonable. I therefore respectfully recommend that plaintiffs be awarded $478.82 in costs.

---

[4] See, e.g., LaBarbera v. Liepper & Sons, Inc., No. CV-06-137, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.17 hours reasonable in ERISA default judgment case).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded (a) $44,190.27 in unpaid principal from the period of January 2006 through May 2006 and for the amount owed from Audit 5-0648; (b) $13,028.26 in interest on unpaid principal; (c) $8,838.03 in liquidated damages; (d) $4,001.85 in attorney's fees; (f) 478.82 in reasonable costs; and (f) $670.00 in auditor's fees. This brings the total amount owed to $71,207.23. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Ross and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
       November 2, 2006

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge